EDWARD LAUER, BY NEXT FRIEND, v. BENJAMIN ATHA ET AL., RECEIVERS OF THE ATHA STEEL CASTING COMPANY.

Argued November 9, 1909—Decided March 29, 1910.

When an employe nineteen years old has at intervals for a year been operating a planer, the danger of a board kicking when the knives of the planer strike a knot is an obvious risk, although the board being planed is of an unusual length.

On rule to show cause.

Before Justices REED, BERGEN and MINTURN.

For the plaintiff, *William H. Osborne* (*Riker & Riker,* of counsel).

For the defendants, *Collins & Corbin.*

The opinion of the court was delivered by

REED, J.   This action was brought to recover damages sustained by the plaintiff by having his fingers caught in the knives of a planer which he was operating while in the service of the defendants.

The planer consists of an iron table about four feet long and two feet wide, in which table is a slot in which were two knives which revolved within it.   To the right of the knives was a gauge about six inches high and three inches long. This gauge was movable from one side of the table to the other, and could be moved five inches by loosening the hand screws, and the entire distance by removing them and replacing them in other holes on the top of the table.

The person operating the planer ran the board over the knives, the movement of the board being controlled by the gauge, the operator standing opposite the gauge near the centre of the table where the knives were.

On September 25th, 1908, plaintiff says he was directed by Mr. Tibbetts, the foreman of that department of the Atha Steel Casting Company, to plane the edges of some long fourteen-foot rough pine boards. They were about six inches wide, seven-eighths of an inch thick, with a knot extending almost across the board. The plaintiff says that while he was holding a board down with his left hand and pushing it along the planer with his right hand, it kicked, and it turned the board away from him; and as he was pushing, there was nothing to hold him back, and he went right in, knocked the board away, and his hand went into the knife. He says that he meant by a "kick" that as soon as it struck something, it gave a kick and jar. The result was that three fingers of his right hand were cut off, leaving one finger and a thumb. A verdict was returned in favor of the plaintiff for the sum of $5,000.

The plaintiff was nineteen years old at the time of the accident. He had been working for the Atha Steel Casting Company and its receiver for about two years. During that time he had sawed wood for the foundry, made boxes, shipped away patterns, and when he got orders from the boss, he planed boards. He began to work on the planer about a year before the accident. He would plane at short intervals, perhaps once a week. It thus appears that for about a year he was about the place where the planing was done, and he himself from time to time used the planer.

The question left to the jury by the trial judge was whether there was any danger in the act the plaintiff was attempting to perform which was not obvious to him, and of which he should have been warned by the foreman. The trial court remarked that if there was, and if he was doing this work pursuant to the directions of the foreman, the defendants would be liable, because the risk not being obvious, they had directed him to work, yet had not informed him of the latent dangers.

It is manifest that he knew the ordinary dangers of that machine. The plaintiff claims, however, that there was a latent danger in executing the work assigned to him on Sep-

tember 25th, namely, the sawing of boards consisting of unusual length and size, and one containing a knot, the presence of which caused the injury.

So far as respects the length of the board, while the ease of handling was less, no new latent danger arose from that cause. It is true that the force employed to keep the edge of the board upon the knives was greater because of the length of the board stretching out beyond the planing table; and it is true that the force applied to move the board over the planing table was greater; but this was apparent to anyone from common knowledge of the resistance of ponderable objects and the laws of gravity.

The second latent danger alleged is the liability of the board to kick when the knives encountered a knot. Knots, however, are not unusual features in lumber. "When the knives come in contact with knots," says Mr. Schwab, one of the plaintiff's witnesses, "if the board is short it will kick the board from in under you; the knot will stick in the knives sometimes, pieces of it will, and when that knife comes around again, the edge of the knife will not take the board, and it will knock the board from under your hand, and your hand, if it is over the knives, will get into the knives and damage your hand. If it is a long board it is not so apt to be knocked away from under your hand, but it will give your hand a jolt, and if you are not watching for it, your hand in getting that jolt is apt to slip off, and if it is right over the knife at that time it will naturally slip on to the knife."

So the danger was in the existence of a knot, and not in the length of the board, for whether short or long, the same kind of danger existed. As already remarked, the presence of knots in lumber is a common occurrence. According to the theory of the plaintiff, the presence of knots in the lumber when coming in contact with the knives of the planer is apt to cause a jar or kick. It is impossible to conceive how that occurrence, which is not unusual in the operation of the planer, can be said to be a latent danger to one who had been for two years working in the vicinity of a planer, and for one year at intervals actually operating the planer.

The danger was one which the master from his knowledge of the previous relations of the servant with the machine could not have reasonably regarded as a latent danger to the servant, and no responsibility rests upon him for the accident.

The rule to show cause should be made absolute.